EDWARD F. BRENNAN v. BENTRAM STRAAS.

JUSTICE OF THE PEACE.  *Appeal.  Record.  Death of justice.  Successor.*
   *Code* 1892, §§ 84, 2432.

   Where a justice of the peace died after an appeal had been taken
   from his judgment, but before the record had been sent to the
   circuit court, and his administrator has complied with Code 1892,
   § 2432, providing that on the death of a justice of the peace his
   representative shall deliver his docket and papers to the clerk
   of the circuit court, who shall deliver them to the successor in
   office of the decedent, the appeal will not be dismissed although
   a term of the court has intervened between the death of the
   justice and the return of the record to the circuit court, and
   Code 1892, § 84, requires a justice of the peace in case of appeal
   to transmit the record to the circuit court on or before the next
   term thereof after the taking of the appeal.

FROM the circuit court of Jefferson county.

HON. MOYSE H. WILKINSON, Judge.

Brennan, appellant, was plaintiff, and Straas, appellee, defendant, in the court below.  The suit was begun before a justice of the peace, who decided for defendant Straas, and Brennan appealed to the circuit court.  The circuit court, upon Straas' motion, dismissed the appeal, and plaintiff Brennan appealed to the supreme court.

When the justice of the peace decided against Brennan, he filed his appeal bond within the five days' (Code 1892, § 82) time prescribed by law, and said bond was approved by the justice of the peace who tried the case.  The justice of the peace died in a few days thereafter, before the next term of the circuit court of the county, and his docket, papers, etc., were delivered to the circuit clerk, as required by § 2432, Code 1892.  A justice of the peace, successor to the dead magistrate who tried the case, was afterwards elected and qualified; but between the time of the death of his predecessor and his induction into office, a term of the circuit court had been held, and the record

in this case was not filed in that court on or before the first day of the term. The successor of the justice of the peace who tried the case filed all the original papers in the case, with a copy of the record, to the next term of the circuit court after he qualified. Appellee Straas filed a motion in the circuit court to dismiss the appeal on the ground that the appeal was barred because the papers were not filed on or before the first day of the next term of the circuit court after the judgment was rendered. The court sustained this motion.

*H. Cassedy,* for appellant.

It is true that § 84, Code 1892, under ordinary circumstances, when taken alone, if not strictly complied with, would bar an appeal to a succeeding term of the court after the term to which the appeal was returnable. But this section must be construed, in a case of this character, with sec. 2432, and when so construed, the limitation is suspended until the election and qualification of a successor to the deceased justice of the peace.

There was no justice of the peace authorized by law to transmit these papers. It is true that the circuit clerk had in his custody the docket, statutes, and papers of the deceased justice, but he could only give mere certified copies of the originals to the appellant to file, which would not have availed him anything. Because the papers and dockets were in his hands as custodian, they were not in the court by reason of that fact; and if they were, the action of the court in dismissing the appeal was erroneous. A certified copy of the original papers would not satisfy sec. 84 of the code, because the law provides that the originals shall be filed. It is not the duty of the circuit clerk to file them, but the duty of the justice of the peace; and if there is no justice of the peace, what was appellant to do? He could not abstract the originals from the custodian, and certified copies would give the circuit court no jurisdiction.

Does the last clause of sec. 2432 give "any justice of the peace of the county" the right to transmit the original papers

of a deceased justice? It authorizes him to determine any suit or execute any judgment of the deceased, all of which can be done without disturbing the custody of the papers; but in this case the suit was determined and the judgment superseded, so the justices of the peace of the county had nothing to do with reference to it; and, furthermore, the clerk is required by this section to preserve such books of statutes, papers, etc., and keep them in his custody as public records and deliver them to the successor of the deceased justice of the peace, and not to any justice of the peace of the county. So in order to file the necessary papers, "any justice of the peace of the county" applied to could not procure them to transmit without calling upon the clerk to violate his duty; and if the clerk violated his duty in this respect, the certificate of this unauthorized justice would have been void and of no effect; the clerk could not certify to them as an original proposition, and *certiorari* would not avail, because he would be guilty of no neglect of duty in keeping the papers and dockets for the successor of the deceased by failing to file them in the circuit court.

*R. L. Corban,* and *J. Edgar Torrey,* for appellee.

The condition of the appeal bond was that the appellant "shall appear at the next term of our circuit court to be held in the courthouse in Fayette on the second Monday in August, 1903, and there prosecute his said appeal." The regular August, 1903, term of the circuit court was held, and appellant failed to prosecute this appeal or to have the cause docketed and disposed of, but waited until the 4th day of February, 1904, and then attempted to get up this appeal.

The appellant had his remedy at the August term of the circuit court to bring his appeal before the court, although Faulk, the justice of the peace before whom the case was tried, died between the date of the judgment and the August term of the circuit court. Yet appellant had his remedy under § 2432, Code 1892.

We understand the law to be that appeals to any court shall be made in the manner prescribed therefor by statute, and when they fail to comply with the statute they will be dismissed. The appellant could bring up an appeal from a justice of the peace to the circuit court in the same shape this one was docketed with as much propriety ten years after the judgment was rendered as he could one term after the time when the appeal was made returnable.

WHITFIELD, C. J., delivered the opinion of the court.

Section 84 must be held modified by § 2432, Code 1892, so as, in cases of this sort, to allow the appeal to be heard, though after the next term following the taking of the appeal, provided the appeal is sent up by the successor of the dead justice of the peace to the next term of the circuit court after such successor has qualified.

*Reversed and remanded.*